## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY JOSEPH VANN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner, Social Security<br>Administration,<br><br>　　　　　　Defendant. | Case No. 16-CV-440-JED-FHM |

## **REPORT AND RECOMMENDATION**

Plaintiff, Harry Joseph Vann, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 16, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held August 27, 2014. By decision dated February 27, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 4, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 50 on the date of the ALJ's denial decision. He has a ninth grade education, but is unable to read and write. Plaintiff formerly worked as a kitchen helper and a cook's helper. He claims to have been unable to work since March 23, 2012, as a result of a learning disability, depression, anxiety, and lumbar sprain.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except he is limited to the performance of simple tasks and cannot perform jobs that require him to read or write in the performance of his job duties. [R. 23]. Relying on the testimony of a vocational expert, the ALJ found that one of the same age, education, and work background as Plaintiff with the foregoing RFC, could perform the jobs of kitchen helper or cook's helper, as those jobs were actually performed by Plaintiff. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number

of jobs in the national economy that Plaintiff could perform with his limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to consider and weigh the opinions of Dr. Kumar; the physical RFC is not supported by substantial evidence; the mental RFC is not supported by substantial evidence; the ALJ's step four finding is not supported by substantial evidence and is legally flawed; and the Commissioner failed to sustain her burden at step five.

### Analysis

#### Dr. Kumar's Opinion

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ did not mention the notation made by Laju Kumar, M.D. about Plaintiff's use of a cane. According to Plaintiff, "Dr. Kumar opined Plaintiff's use of a cane was medically necessary." [Dkt. 15, p. 2]. The undersigned finds that the failure of the ALJ to mention Dr. Kumar's comment does not provide a basis for remand of this case.

On September 3, 2013, Plaintiff saw Dr. Kumar at Indian Health Care Resource Center. The visit was a follow up of a complaint of low back pain. In the notation of the subjective comments, Dr. Kumar recorded that Plaintiff's back pain was a lot better, that Plaintiff is using his cane "when back hurts off and on, more in the am." [R. 429]. After a fairly normal examination, [R. 430], Dr. Kumar remarked, "medically necessary to use a

cane when in back pain." [R. 431]. At the hearing, Plaintiff was represented by counsel. There was no mention of Plaintiff's use of a cane at the hearing before the ALJ. Where, as here, the claimant is represented by an attorney, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997).

Given the foregoing circumstances, the undersigned finds that the ALJ cannot be faulted for failing to pick Dr. Kumar's note out of the medical record for discussion and for failing to address the note as an opinion. If the ALJ's failure to address Dr. Kumar's note as an opinion is error, the undersigned finds that the error is harmless. Addressing Dr. Kumar's opinion would not have changed the outcome given Plaintiff's activities,[2] his testimony, and the ALJ's uncontested assessment of the credibility of Plaintiff's subjective complaints.

## Physical Limitations in RFC

Plaintiff asserts that the ALJ failed to fulfill her duty to develop the record because she failed to obtain any opinion as to the functional limitations related to Plaintiff's lumbar sprain. Plaintiff states that the ALJ was obliged to obtain more evidence as to Plaintiff's functional limitations. Plaintiff quoted *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), stating that the *Wells* Court noted it "inappropriate for the ALJ to reach an RFC determination without expert medical assistance." [Dkt. 15, p. 3].

---

[2] The ALJ noted Plaintiff testified he was currently working about four hours a day, two to three times per week mopping floors and that Plaintiff testified he could work eight hours at that job with his medicine. [R. 28, 56].

4

In fact the *Wells* Court said in cases where the medical opinions appear to conflict with the ALJ's RFC finding, "it **may be** inappropriate for the ALJ to reach an RFC determination without expert medical assistance[.]"  *Wells,* 727 F.3d at 1072 [emphasis supplied].  The omission of the qualifying words "may be" completely changes the meaning of the quoted passage and misrepresents the status of the law.[3]  Plaintiff's counsel, who portrays himself as an expert in Social Security disability law, is or should be well aware that there is no requirement for the ALJ to rely on a medical opinion to formulate an RFC for a claimant.

There is, in fact, no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.  *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).  "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c).  The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see, e.g ., *Wall v. Astrue,* 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988)

---

[3] Plaintiff's citation to the *Wells* case failed to include any reference to the page number where the quoted language appears.  Quotations of language from court decisions should always include the page number where the language appears.

(holding ALJ properly made mental RFC findings without expert medical assistance). The foregoing statement concerning the law about the lack of any requirement for a medical opinion has appeared in at least 18 decisions authored by the undersigned where Plaintiff's counsel is counsel of record.[4]

The undersigned finds there is no merit to Plaintiff's arguments that because the RFC findings do not have a corresponding medical opinion the ALJ's RFC findings are not supported by substantial evidence. Those arguments are premised on the foregoing misstatement of the law and will not be addressed further. Plaintiff's counsel is reminded of his duty of candor to the court and admonished to refrain from including inaccurate and misleading statements of the law in his briefing to the court. The inclusion of misleading statements of the law reflect poorly on counsel and do nothing to advance legitimate ends for his clients, and in fact detract from whatever meritorious arguments might be presented.

## Mental Limitations in RFC

The record contains three opinions rendered by state Disability Determination Services (DDS) mental health consultants who reviewed Plaintiff's medical record and rendered similar opinions about Plaintiff's ability to perform work-related mental tasks. The ALJ discussed those opinions and stated he gave weight to a portion of the opinions, but

---

[4] *Pennington v. Berryhill*, 16-CV-563-GKF-FHM, Dkt. 18, p.p. 4-5; *Coltharp v. Colvin,* 15-CV-110-CVE-FHM, Dkt. 19, p.4; *Davison v. Colvin*, 14-CV-528-JED-FHM, Dkt. 21, pp. 5-6; *Downing v. Colvin*, 13-CV-474-GKF-FHM, Dkt. 24, p.5; *Hardin v. Colvin*, 14-CV-273-JHP-FHM, Dkt. 25, pp. 4-5; *Kirby-Blossom v. Colvin,* 15-CV-292-GKF-FHM, Dkt. 20, p. 4; *Lowery v. Colvin*, 14-CV-310, Dkt. 28, pp. 5-6; *McBride v. Colvin*, 15-CV-223-JHP-FHM, Dkt. 17, p. 8; *Morgan v. Colvin*, 15-CV-576, Dkt. 20, pp. 7-8; *Rainwater v. Colvin*, 15-CV-491-GKF-FHM, Dkt. 20, p. 7; *Rambo v. Colvin*, 13-CV-599-GKF-FHM, Dkt. 22, p. 6; *Sowers v. Colvin*, 14-CV-435-JED-FHM, Dkt. 23, p. 9; *Stout v. Colvin*, 14-CV-357-GKF-FHM, Dkt. 20, p. 4; *Stultz v. Colvin*, 13-CV-766 CVE-FHM, Dkt. 27, p. 11; *Turner v. Colvin*, 15-CV-40-CVE-FHM, Dkt. 20, pp. 4-5; *Wheeler v. Colvin*, 13-CV-728-JED-FHM, Dkt. 17, p. 5; *White v. Colvin*, 15-CV-27-CVE-FHM, Dkt. 21, pp. 8-9; *Whittle v. Colvin,* 13-CV-580-CVE-FHM, Dkt. 21, p. 5.

rejected the DDS consultants' opinions that Plaintiff has "moderate" or "marked" limitations in the area of social functioning with restrictions related to his ability to interact with others in the workplace.

The ALJ explained there was no medical evidence to support a finding of even "moderate" social limitations. [R. 26]. Rather, the ALJ found the record demonstrates only mild difficulties in social functioning. The ALJ outlined the evidence that lead to that conclusion. [R. 22]. The ALJ observed Plaintiff routinely interacts with members of the public when he runs errands, goes grocery shopping, and attends church. The ALJ also noted that Plaintiff has consistently been described as a pleasant, mild-mannered, and courteous individual by those who have interacted with him. [R. 26]. The ALJ found that Plaintiff "has demonstrated the ability to interact appropriately with others in a variety of contexts such that the evidence does not support a finding of more than a mild limitation in social functioning." [R. 26-27].

Contrary to Plaintiff's assertion, the ALJ did not impermissibly pick through the opinions to adopt only the portions that support a finding of not disabled. The ALJ explained that she did not accept the opinions of moderate or marked limitations in social functioning and the related work-related restriction of no work with the public because the record did not support those opinions. The undersigned finds that these findings and conclusions are supported by substantial evidence.

The record also contains a consultative examination performed by Alyssa Rippy, Ph.D. Dr. Rippy opined that: "Mr. Vann is not competent to independently manage his funds in his own best interests. He is unable to read, write, or do written mathematical calculations. He has to have help with all financial transactions and cannot use a

computer." [R. 411]. Plaintiff claims that the ALJ erred by failing to include these limitations in the RFC. There is no merit to this contention. Plaintiff has not shown that the ability to handle one's own financial transactions is a work-related task appropriate for inclusion in the RFC. Furthermore, the RFC limits Plaintiff to the performance of simple tasks and includes the limitation that Plaintiff cannot perform jobs requiring him to read and write in the performance of his job duties. [R. 23]. These limits fully incorporate Dr. Rippy's opinion.

<u>Step Four Finding</u>

At step four of the evaluative sequence, the ALJ determines whether the claimant has the RFC to perform the requirements of his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Plaintiff argues that the hypothetical question asked of the vocational expert was infirm because the ALJ described Plaintiff as having a "marginal education" when in fact he is illiterate. However, the ALJ recognized that Plaintiff is unable to read and write and included that limitation in the RFC. The undersigned finds that the ALJ's hypothetical question is supported by substantial evidence.

Plaintiff also argues that his former jobs are beyond his abilities because the Dictionary of Occupational Titles (DOT) suggests the jobs require reading and math skills that are beyond his capabilities. The Commissioner asserts that Plaintiff's argument involves a misunderstanding about the information contained in the DOT. It is not necessary to address the disagreement over DOT information because the ALJ found that Plaintiff could perform his past relevant work "as it was actually performed by claimant." [R. 29]. In other words, Plaintiff performed his past work with his reading, writing, and math limitations, so obviously those limitations did not preclude performance of that work.

Therefore, what the DOT does, or does not, say about educational requirements for Plaintiff's past work does not affect the job's suitability for Plaintiff.

Plaintiff argues that his past work of kitchen helper is beyond his capability for medium work because the vocational expert testified the job was sometimes a heavy exertional job as he performed it. Plaintiff also asserts that the job as he performed it is a composite job consisting of dietary aide and kitchen helper. According to Plaintiff, denial of benefits is appropriate only if Plaintiff can perform all parts of the job as actually performed, and there was no testimony that Plaintiff could perform the dietary aid aspects of the kitchen helper job as he performed it. Since the ALJ found that Plaintiff could perform the kitchen helper job as he performed it and the job was sometimes performed at the heavy exertional level, the undersigned agrees that the job appears to be beyond Plaintiff's RFC for medium work. However, no such infirmity exists with respect to Plaintiff's past relevant work as a cook's helper.

The undersigned finds that the ALJ's decision at step four that Plaintiff can return to his past relevant work as a cook's helper, as he performed that job, is supported by substantial evidence.

## Step Five Finding

The ALJ's finding at step four, that Plaintiff can return to his former work as a cook's helper as he performed that work, provides a sufficient basis for denying disability. As a result, there is no point in addressing Plaintiff's allegations of error pertaining to step five. Any error at step five cannot affect the outcome of this appeal.

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 10, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 27th day of December, 2017.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

11